IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-cv-00717-LCB-LPA

| | |
|---|---|
| WILMER OLIVA, | ) |
| Plaintiff, | ) |
| v. | ) ANSWER |
| CITY OF WINSTON-SALEM, | ) |
| Defendant. | ) |

NOW COMES Defendant City of Winston-Salem, by and through counsel, and hereby responds to Plaintiff Wilmer Oliva's Complaint as follows:

## INTRODUCTION

1. The allegations of paragraph 1 are denied.

2. It is admitted that Plaintiff purports to bring this lawsuit under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act; however, it is denied that Plaintiff is entitled to any relief in this action. It is admitted that the provisions of the Americans with Disabilities Act and the Rehabilitation Act speak for themselves. It is denied that Defendant City of Winston-Salem has failed to comply with Federal mandates, and it is denied that the City of Winston-Salem has unlawfully discriminated against Plaintiff. Except as herein admitted, the allegations of paragraph 2 are denied.

## JURISDICTION AND VENUE

3. It is admitted that Plaintiff purports to bring this lawsuit under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act; however, it is denied that Plaintiff is entitled to any relief in this action. It is denied that Defendant City of Winston-Salem has unlawfully discriminated against Plaintiff. It is denied that Defendant has violated the ADA or the Rehabilitation Act. Except as herein admitted, the allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 are denied.

5. It is admitted that venue is proper in this Court; however, it is denied that Plaintiff's claims have any merit. Except as herein admitted, the allegations of paragraph 5 are denied.

## PARTIES

6. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6, and the same are consequently denied.

7. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7, and the same are consequently denied.

8. It is admitted that the City of Winston-Salem is a municipal corporation and a City. It is admitted that the City Council is the governing body of the Defendant. It is

admitted that the City of Winston-Salem employs a police chief and police officers. Except as herein admitted, the allegations of paragraph 8 are denied.

9. It is admitted that the City of Winston-Salem receives some federal funding. It is admitted that in a proper lawsuit, Defendant could be subject to suit under Section 504 of the Rehabilitation Act. Except as herein admitted, the allegations of paragraph 9 are denied.

## STATEMENT OF THE ALLEGED FACTS

10. The allegations of paragraph 10 are admitted on information and belief.

11. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11, and the same are consequently denied.

12. It is admitted that Plaintiff walked into the Hanes Mall Jimmy Jazz store at some point on November 27, 2020. As to the remaining allegations of paragraph 12, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12, and the same are consequently denied.

13. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13, and the same are consequently denied.

14. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14, and the same are consequently denied.

15. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15, and the same are consequently denied.

16. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16, and the same are consequently denied.

17. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17, and the same are consequently denied.

18. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18, and the same are consequently denied.

19. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19, and the same are consequently denied.

20. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20, and the same are consequently denied.

21. It is admitted that on November 27, 2020, at some point, Winston-Salem police officers arrived at the Hanes Mall Jimmy Jazz store. Except as herein admitted, the allegations of paragraph 21 are denied.

22. It is admitted that at some point on November 27, 2020, a Winston-Salem officer spoke to a person who identified herself as an assistant manager. As to the remaining allegations of paragraph 22, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22, and the same are consequently denied.

23. It is admitted that at some point on November 27, 2020, an officer or officers explained to Plaintiff that he needed to leave the store or face a potential charge of trespass. As to the remaining allegations of paragraph 23, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23, and the same are consequently denied.

24. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24, and the same are consequently denied.

25. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25, and the same are consequently denied.

26. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26, and the same are consequently denied.

27. The allegations of paragraph 27 are denied.

28. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28, and the same are consequently denied.

29. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29, and the same are consequently denied.

30. It is admitted that at some point on November 27, 2020, an officer or officers explained to Plaintiff that he needed to leave the store or face a potential charge of trespass. As to the remaining allegations of paragraph 30, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30, and the same are consequently denied.

31. It is admitted that at some point, Plaintiff left the Jimmy Jazz store. Except as herein admitted, the allegations of paragraph 31 are denied.

32. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32, and the same are consequently denied.

33. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33, and the same are consequently denied.

34. It is admitted that at some point on November 27, 2020, an officer or officers requested Plaintiff's identification. As to the remaining allegations of paragraph

34, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34, and the same are consequently denied.

35. It is admitted that at some point Mr. Oliva provided identification to officers. It is admitted that Mr. Oliva answered some questions. Except as herein admitted, the allegations of paragraph 35 are denied.

36. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36, and the same are consequently denied.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

41. It is admitted that Elizabeth Myerholtz, an attorney apparently working for or representing Disability Rights North Carolina, wrote a letter addressed to Lori Sykes and dated January 25, 2021. It is further admitted that the contents of this letter speak for themselves. Except as herein admitted, the allegations of paragraph 41 are denied.

42. It is admitted that Lori Sykes sent a letter to Elizabeth Myerholtz dated March 1, 2021. It is admitted that the contents of Lori Sykes' March 1, 2021 letter speak for themselves. Except as herein admitted, the allegations of paragraph 42 are denied.

43. It is admitted that Elizabeth Myerholtz sent a letter to Lori Sykes dated March 22, 2021, and that the contents of this letter speak for themselves. Except as herein admitted, the allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are denied.

## CLAIMS FOR RELIEF
### COUNT I
### Alleged Violation of Title II of the ADA

46. The Defendant hereby incorporates by reference its responses to paragraphs 1 through 45 of Plaintiff's Complaint as is fully set forth herein.

47. It is admitted that the ADA, 42 U.S.C. § 12102, and 42 U.S.C. § 12131(2) speak for themselves. As to the remaining allegations of paragraph 47, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47, and the same are consequently denied.

48. It is admitted that in a proper lawsuit, Defendant could be subject to suit under Title II of the ADA. Except as herein admitted, the allegations of Paragraph 48 are denied.

49. It is admitted that Title II of the ADA speaks for itself. Except as herein admitted, the allegations of paragraph 49 are denied.

50. It is admitted that the provisions of the federal regulations, including regulations in 28 C.F.R., speak for themselves. Except as herein admitted, the allegations of paragraph 50 are denied.

8

51. The allegations of paragraph 51 are denied.

52. The allegations of paragraph 52 are denied.

53. The allegations of paragraph 53 are denied.

54. The allegations of paragraph 54 are denied.

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are denied.

## COUNT II
### Alleged violations of Section 504 of the Rehabilitation Act

57. The Defendant hereby incorporates by reference its responses to paragraphs 1 through 56 of Plaintiff's Complaint as is fully set forth herein.

58. The Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58, and the same are consequently denied.

59. It is admitted that the provisions of Section 504 of the Rehabilitation Act of 1973 and 29 U.S.C. 701(c)(2) speak for themselves. Except as herein admitted, the allegations of paragraph 59 are denied.

60. It is admitted that Defendant has received some federal funds. It is admitted, that in a proper lawsuit, Defendant could be subject to suit under Section 504 of the Rehabilitation Act. Except as herein admitted, the allegations of Paragraph 60 are denied.

61. It is admitted that the provisions of Section 504 of the Rehabilitation Act and 29 U.S.C. § 794(a) speak for themselves. Except as herein admitted, the allegations of paragraph 61 are denied.

62. It is admitted that the statutes and regulations cited in paragraph 62 of Plaintiff's Complaint speak for themselves. Except as herein admitted, the allegations of paragraph 62 are denied.

63. The allegations of paragraph 63 are denied.

64. The allegations of paragraph 64 are denied.

65. The allegations of paragraph 65 are denied.

66. The allegations of paragraph 66 are denied.

67. The allegations of paragraph 67 are denied.

68. The allegations of paragraph 68 are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims fail to state a claim, in whole or in part, upon which relief can be granted, and these claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

The police officers on the scene had probable cause to arrest Plaintiff based on alleged criminal activity and not because of any disability. Therefore, Plaintiff's claims necessarily fail as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

Defendant has not subjected Plaintiff to unlawful discrimination or otherwise violated the Americans with Disabilities Act.

## FOURTH AFFIRMATIVE DEFENSE

Defendant has not subjected Plaintiff to unlawful discrimination or otherwise violated the Rehabilitation Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and demand for recovery are barred, in whole or in part, by equitable doctrines, including waiver, estoppel, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own actions or communications or the actions of others over whom Defendant exercised no control.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably, in good faith, and with legal justification at all times.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, to the extent barred by applicable statute of limitations or administrative deadlines imposed by law.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any losses or damages, which Defendant denies, any such losses or damages are barred to the extent that Plaintiff has failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant believes that some or all of Plaintiff's claims may be barred by collateral estoppel, and therefore pleads collateral estoppel as an affirmative defense.

## FURTHER AFFIRMATIVE DEFENSES

Defendant reserves the right to assert such other affirmative defense as may be revealed during discovery and/or become apparent and/or available during the course of this litigation.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant City of Winston-Salem respectfully requests that the Plaintiff have and recover nothing; that the relief sought by the Plaintiff be denied; that Plaintiff's Complaint be dismissed with

prejudice; that all triable issues be tried by a jury; and that the Court order such other relief as it deems just, equitable, and proper.

Respectfully submitted, this 18th day of November, 2021.

/s/ *James R. Morgan, Jr.*
James R. Morgan, Jr.
N.C. State Bar No. 12496
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3710
Facsimile: (336) 733-8394
E-mail: Jim.Morgan@wbd-us.com

*Counsel for Defendant City of Winston-Salem*

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2021, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *James R. Morgan, Jr.*
James R. Morgan, Jr.
N.C. State Bar No. 12496
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3710
Facsimile: (336) 733-8394
E-mail: Jim.Morgan@wbd-us.com

*Counsel for Defendant City of Winston-Salem*